GARMAN TURNER GORDON LLP
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
MARK M. WEISENMILLER
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>GUMP'S HOLDINGS, LLC,<br><br>Debtor. | Case No.: BK-S-18-14683-leb<br>Chapter 11<br><br>Joint administration requested<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

**EX PARTE APPLICATION FOR ORDER SHORTENING**
**TIME TO HEAR FIRST DAY MOTIONS**

Gump's Holdings, LLC, Gump's Corp., and Gump's By Mail, Inc. (collectively, "Debtors"),[1] debtors and debtors-in-possession, hereby respectfully submit this *ex parte* application (the "Application") seeking entry of an order shortening time, substantially in form attached hereto as **Exhibit 1**, to hear the following motions filed by Debtors on August 8, 2018:

(i) *Motion for Order Authorizing Maintenance of Prepetition Cash Management System and Bank Accounts; and Granting Related Relief* (the "Bank Accounts Motion");

(ii) *Motion for Order (A) Approving Agency Agreement, (B) Authorizing and Approving Store Closing Sale Free and Clear of All Liens, Claims, and Encumbrances, (C) Granting Liens, and (D) Granting Related Relief* (the

---

[1] Contemporaneously herewith, each Debtor has filed an application for an order jointly-administering the Chapter 11 cases, with the Holdings case as the lead case.

"Agency Agreement Motion"); and

(iii) *Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to Obtain Limited Post-Petition Financing, (B) Granting Liens and Providing Administrative Expense Status, (C) Authorizing the Debtors' Limited Use of Cash Collateral, (D) Granting Adequate Protection, (E) Modifying the Automatic Stay, and (F) Granting Related Relief* (the "Financing Motion").

(collectively, the "First Day Motions").

Debtors respectfully request that the First Day Motions be heard on shortened time on **August 9, 2018.**

Debtors anticipate that the hearing on the First Day Motions will last approximately two (2) hours and thirty (30) minutes.

This Application for order shortening time to hear the First Day Motions is made and based upon Bankruptcy Rule 9006, the following Memorandum of Points and Authorities, the omnibus declaration of Tony Lopez in support of the Chapter 11 petitions, first days, and other relief (the "First Day Decl.")[2] filed concurrently herewith and the declaration of Mark M. Weisenmiller, Esq. (the "Weisenmiller Declaration") set for the below, the Attorney Information Sheet filed contemporaneously herewith, and the papers and pleading on file herein, judicial notice of which is respectfully requested.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**I.**
**DECLARATION OF MARK M. WEISENMILLER, ESQ.**

I, Mark M. Weisenmiller, Esq., declare, under penalty of perjury under the law of the State of Nevada and the United States of America, as follows:

1. I am over the age of 18 and am mentally competent.

2. I am an attorney at Garman Turner Gordon LLP ("GTG"), proposed counsel for Debtors in the Chapter 11 Cases. As such, I have personal knowledge of the facts stated in this Declaration, except where stated upon information and belief, and as to facts stated upon information and belief, I am informed of those facts and believe them to be true. If called upon

---

[2] Capitalized undefined terms used herein shall be ascribed the definitions set forth in the First Day Declaration.

to testify as to the matters herein, I could and would do so.

3. In the First Day Motions, Debtors request interim and/or final orders approving and authorizing: (i) maintenance of Debtors' prepetition cash management system and bank accounts; (ii) assumption of the Agency Agreement and the store closing sale free and clear of all liens, claims, and encumbrances; and (iii) Debtors to obtain postpetition financing, grant liens and provide administrative expense status, Debtors' use of cash collateral, adequate protection, and other related relief.

4. Debtors are requesting that the First Day Motion be heard on shortened time and on an emergency basis as necessary to keep the agreement of Debtors, the Agent and Sterling together, to stabilize Debtors operations, to allow for a successful Chapter 11 liquidation and otherwise avoid irreparable harm. The First Day Motions present various typical emergency relief that Chapter 11 debtors like Debtors require at the outset of a Chapter 11 bankruptcy case, including but not limited to the following: (a) the use of prepetition cash management systems and bank accounts, (b) the approval of postpetition financing, and (f) the use of cash collateral subject to an agreed budget.

5. Absent immediate access to cash collateral and debtor-in-possession financing and the assumption of the Agency Agreement, Debtors will lack sufficient liquidity to continue operations, stabilize their operations, and the company will likely be forced to cease operations, thereby eliminating any chance they may have for a successful Chapter 11 liquidation and resulting in immediate and irreparable harm to Debtors and their estates.

6. If Debtors do not remain operating during the pendency of these proceedings, Debtors' assets and goodwill will decrease substantially in value and Debtors will run the risk of losing existing and prospective customers.

7. Furthermore, if the prepetition cash management system or bank accounts are disrupted, Debtors will experience immediate and irreparable harm. At a minimum, substantial disruptions to Debtors' business would occur by, among other things, delaying collection and disbursement of the payments to vendors, employees, and customers. This would in turn harm stakeholder confidence, thus disrupting mutually beneficial relationships with trade creditors,

customers, and employees, among others. Such a negative impact on Debtors' operations would hinder a successful reorganization.

8. If the First Day Motions are not heard on August 9, 2018, the deal between Debtors, the Agent and Sterling is likely to fall apart.

9. Thus, good cause exists to hear the First Day Motions on shortened time on **August 9, 2018**.

DATED this 8th day of August 2018.

By: */s/ Mark M. Weisenmiller*
MARK M. WEISENMILLER, ESQ.

## II.
## LEGAL ARGUMENT

Section 105 allows this Court to issue such orders as are necessary to carry out the provisions of this title. See 11 U.S.C. § 105. Bankruptcy Rule 9006(c)(1) generally permits a bankruptcy court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. In particular, Bankruptcy Rule 9006(c)(1) provides as follows:

> [e]xcept as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

FED. R. BANKR. P. 9006(c)(1).

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by an affidavit stating the reasons for an expedited hearing. As set forth in the Weisenmiller Declaration, there are compelling reasons for an expedited hearing on the First Day Motions. As such, good cause exists to hear the First Day Motions on shortened time on **August 9, 2018**.

Local Rule 9006 also requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel

consented to the hearing on an order shortening time, the date counsel was provided with notice, and how notice was provided or attempted to be provided. An Attorney Information Sheet was filed contemporaneously with this Application.

## III.
## CONCLUSION

WHEREFORE, Debtors respectfully request that the Court grant this Ex Parte Application and issue an order shortening time to hear the First Day Motions on **August 9, 2018**. Debtors request such other and further relief as the Court deems just and proper.

DATED: August 8, 2018.

                               GARMAN TURNER GORDON LLP

                               By: */s/ Mark M. Weisenmiller*
                                      WILLIAM M. NOALL
                                      GABRIELLE A. HAMM
                                      MARK M. WEISENMILLER
                                      650 White Drive, Suite 100
                                      Las Vegas, Nevada 89119
                                      *[Proposed] Attorneys for Debtor*

# EXHIBIT 1

# EXHIBIT 1

GARMAN TURNER GORDON LLP
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
MARK M. WEISENMILLER
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>GUMP'S HOLDINGS, LLC,<br><br>Debtor. | Case No.: BK-S-18-14683-leb<br>Chapter 11<br><br>Joint administration requested<br><br>Hearing Date:<br>Hearing Time: |

### NOTICE OF HEARING AND ORDER SHORTENING <u>TIME TO HEAR FIRST DAY MOTIONS</u>

On August 8, 2018, Gump's Holdings, LLC, Gump's Corp., and Gump's By Mail, Inc. (collectively, "<u>Debtors</u>"), debtors and debtors-in-possession, filed the following motions:

(i) *Motion for Order Authorizing Maintenance of Prepetition Cash*

       *Management System and Bank Accounts; and Granting Related Relief* (the "<u>Accounts Motion</u>");

(ii)   *Motion for Order (A) Approving Agency Agreement, (B) Authorizing and Approving Store Closing Sale Free and Clear of All Liens, Claims, and Encumbrances, (C) Granting Liens, and (D) Granting Related Relief* (the "<u>Agency Agreement Motion</u>"); and

(iii)   *Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to Obtain Limited Post-Petition Financing, (B) Granting Liens and Providing Administrative Expense Status, (C) Authorizing the Debtors' Limited Use of Cash Collateral, (D) Granting Adequate Protection, (E) Modifying the Automatic Stay, and (F) Granting Related Relief* (the "<u>Financing Motion</u>").

(collectively, the "<u>First Day Motions</u>").

    In the First Day Motions, Debtors request interim and/or final orders approving and authorizing: (i) maintenance of Debtors' prepetition cash management system and bank accounts; (ii) assumption of the Agency Agreement and the store closing sale free and clear of all liens, claims, and encumbrances; and (iii) Debtors to obtain postpetition financing, grant liens and provide administrative expense status, Debtors' use of cash collateral, adequate protection, and other related relief.

    The Court, having considered the *Ex Parte Application for Order Shortening Time to Hear First Day Motions,* and good cause appearing therefore,

    **IT IS HEREBY ORDERED** and notice is hereby given that the First Day Motions shall be heard by a United States Bankruptcy Judge on the _____ day of _____ _____, 2018, at _____.

    A copy of the above-referenced First Day Motions and any supporting declarations and exhibits are available free of charge at www.donlinrecano.com/gumps, on file with the clerk of the United States Bankruptcy Court for the District of Nevada, Foley Federal Building and U.S. Courthouse, 300 S. Las Vegas Blvd, Las Vegas, NV 89101, or may be obtained by emailing Mark M. Weisenmiller, Esq. at the address listed above.

    **IT IS HEREBY FURTHER ORDERED** that service of this Order Shortening Time shall be served within ___ days of entry; that any oppositions to the First Day Motions must be

_____ _____; that replies to any oppositions filed must be filed and served by _____; and that this hearing may be continued from time to time without further notice except for the announcement of any adjourned dates and times at the above noticed hearing or any adjournment thereof.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: */s/ Mark M. Weisenmiller*
    WILLIAM M. NOALL, ESQ.
    GABRIELLE A. HAMM, ESQ.
    MARK M. WEISENMILLER, ESQ.
    *Attorneys for Debtor*