GARMAN TURNER GORDON LLP
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
MARK M. WEISENMILLER
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In re:<br><br>GUMP'S HOLDINGS, LLC<br><br>☐ Affects this Debtor.<br><br>☒ Affects all Debtors.<br><br>☐ Affects Gump's Corp.<br><br>☐ Affects Gump's By Mail, Inc. | Case No.: BK-S-18-14683-leb<br>Chapter 11<br><br>*Jointly administered with*:<br><br>No. BK-S-14684 (In re Gump's Corp.)<br>No. BK-S-14685 (In re Gump's By Mail, Inc.)<br><br>Hearing Date: N/A<br>Hearing Time: N/A |
|---|---|

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTIONS**

Gump's Holdings, LLC, Gump's Corp., and Gump's By Mail, Inc. (collectively, "Debtors"), debtors and debtors-in-possession, hereby respectfully submit this *ex parte* application (the "Application") seeking entry of an order shortening time, substantially in the form attached hereto as **Exhibit 1**, to hear the following motions filed by Debtors:

(i) *Amended Motion for Order Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure: (i) Approving Bid Procedures with Respect to Sale of*

*Certain IP Assets, Setting the Sale Hearing Date; and (ii) Approving and Authorizing the Sale of IP Assets to the highest and Bets Bidder Free and Clear of All Liens, Interests, Claims and Encumbrances, the Assumption and Assignment of Certain Related Executory Contracts, and Waiving the Requirements of Bankruptcy Rules 6004(h) and 6006(d)* [ECF No. 90] (herein, the "Sale Process Motion"); and

(ii) *Application for Order Authorizing Retention of Lincoln International LLC as Financial Advisor to Debtors Pursuant to 11 U.S.C. §§ 327 and 328* [ECF No. 93] ("Lincoln Retention Application" and collectively with the Sale Process Motion, the "Motions").

Debtors respectfully request that the Motions be heard on shortened time on the afternoon of **August 29, 2018.**

**With respect to the Sale Process Motion, the Court is only being asked to approve the procedures to be used in connection with the sale of the assets subject to the motion. The auction and hearing to approve the sale, as well as objections thereto, will occur or be due after the hearing requested by this Application.** However, Debtors request a final hearing on the Lincoln Retention Application given the narrow scope of retention and the fixed commission/contingency based nature of the fee; Debtors believe there is no reason that the Lincoln Retention Application should not be heard on a final basis at the hearing request in this Application.

Debtors anticipate that the hearing on the Motions will last approximately one (1) hour.

This Application for order shortening time to hear the Motions is made and based upon Bankruptcy Rule 9006, the following Memorandum of Points and Authorities and the declaration of William M. Noall, Esq. (the "Noall Declaration") set for the below, the Attorney Information Sheet filed contemporaneously herewith, and the papers and pleading on file herein, judicial notice of which is respectfully requested.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**I.**
**DECLARATION OF WILLIAM M. NOALL, ESQ.**

I, William M. Noall, Esq., declare, under penalty of perjury under the law of the State of

Nevada and the United States of America, as follows:

1. I am over the age of 18 and am mentally competent.

2. I am an attorney at Garman Turner Gordon LLP ("GTG"), counsel for Debtors in these chapter 11 cases. As such, I have personal knowledge of the facts stated in this Declaration, except where stated upon information and belief, and as to facts stated upon information and belief, I am informed of those facts and believe them to be true. If called upon to testify as to the matters herein, I could and would do so.

3. The Court will recall that a condition to the extension of DIP credit by Sterling Business Credit, LLC ("Sterling"), Sterling demanded and the Court ordered that the sale of Debtors' intellectual and other related property ("IP Assets") would occur by September 30, 2018, unless that date was extended by Sterling. Although Lincoln International LLC ("Lincoln") was retained by Debtors pre-petition in connection with the marketing for sale of the Debtors as a going concern, only yesterday was an agreement worked out between Lincoln, Sterling and Debtors with respect to Debtors' post-petition engagement of Lincoln to sell the IP Assets, which is subject to the Lincoln Application.

4. With respect to the Sale Process Motion, the Court is only being asked to approve the provided procedures to be used in connection with the sale of the assets subject to that motion. The auction and hearing to approve the sale, as well as objections thereto, will occur or be due after the hearing requested by this Application.

5. However, Debtors do request a final hearing on Lincoln Retention Application. Given the narrow scope of Lincoln's retention and the straightforward commission/contingency nature of Lincoln's proposed fee, it is unnecessary for Lincoln to be exposed to having its fee structure reconsidered later given the deadline for concluding the auction that is subject to the Sale Process Motion.

6. Because the sale procedures must be approved so potential purchasers will understand the bidding ruleset with respect to the IP Asset sale, and because Lincoln has been engaged by Debtors, subject to Court approval, to handle the marketing of the IP Assets to be sold pursuant to the Sale Process Motion, the Court should grant an order shortening time to hear the

Motions.

7.  Thus, good cause exists to hear the Motions on shortened time.

8.  I request that the Court set the Motions on the afternoon of August 29, 2018. I will be outside the state and without access to phone service on August 27 and 28, 2018. The Court's deputy has advised that the afternoon of August 29, 2018 is available on the Court's calendar for a hearing.

DATED this 21st day of August 2018.

By: */s/ William M. Noall*
WILLIAM M. NOALL, ESQ.

## II.
## LEGAL ARGUMENT

Section 105 allows this Court to issue such orders as are necessary to carry out the provisions of this title. See 11 U.S.C. § 105. Bankruptcy Rule 9006(c)(1) generally permits a bankruptcy court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. In particular, Bankruptcy Rule 9006(c)(1) provides as follows:

> [e]xcept as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

FED. R. BANKR. P. 9006(c)(1).

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by an affidavit stating the reasons for an expedited hearing. As set forth in the Noall Declaration, there are compelling reasons for an expedited hearing on the Motions. As such, good cause exists to hear the Motions on shortened time on the afternoon of **August 29, 2018**.

Local Rule 9006 also requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice,

and how notice was provided or attempted to be provided. An Attorney Information Sheet was filed contemporaneously with this Application.

### III.
### CONCLUSION

WHEREFORE, Debtors respectfully request that the Court grant this Ex Parte Application and issue an order shortening time to hear the Motions on the afternoon of **August 29, 2018**. Debtors request such other and further relief as the Court deems just and proper.

DATED: August 21, 2018.

GARMAN TURNER GORDON LLP

By: */s/ William M. Noall*
WILLIAM M. NOALL
GABRIELLE A. HAMM
MARK M. WEISENMILLER
650 White Drive, Suite 100
Las Vegas, Nevada 89119
*Attorneys for Debtors*

# EXHIBIT 1

# EXHIBIT 1

GARMAN TURNER GORDON LLP
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
MARK M. WEISENMILLER
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In re:<br><br>GUMP'S HOLDINGS, LLC<br><br>☐ Affects this Debtor.<br><br>☒ Affects all Debtors.<br><br>☐ Affects Gump's Corp.<br><br>☐ Affects Gump's By Mail, Inc. | Case No.: BK-S-18-14683-leb<br>Chapter 11<br><br>*Jointly administered with*:<br><br>No. BK-S-14684 (In re Gump's Corp.)<br>No. BK-S-14685 (In re Gump's By Mail, Inc.)<br><br>Hearing Date: _____<br>Hearing Time: _____ |
|---|---|

**NOTICE OF HEARING AND ORDER SHORTENING TIME TO HEAR MOTIONS**

On August 15, 2018, Gump's Holdings, LLC, Gump's Corp., and Gump's By Mail, Inc.

4811-1933-4256, v. 3

(collectively, "Debtors"), debtors and debtors-in-possession, filed their:

(i) *Amended Motion for Order Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure: (i) Approving Bid Procedures with Respect to Sale of Certain IP Assets, Setting the Sale Hearing Date; and (ii) Approving and Authorizing the Sale of IP Assets to the highest and Bets Bidder Free and Clear of All Liens, Interests, Claims and Encumbrances, the Assumption and Assignment of Certain Related Executory Contracts, and Waiving the Requirements of Bankruptcy Rules 6004(h) and 6006(d)* [ECF No. 90] ("Sale Process Motion")

(ii) *Application for Order Authorizing Retention of Lincoln International LLC as Financial Advisor to Debtors Pursuant to 11 U.S.C. §§ 327 and 328* [ECF No. 93] ("Lincoln Retention Application" and collectively with the Sale Process Motion, the "Motions").

In the Motions, Debtors request orders (i) approving bidding procedures with respect to the sale of its intellectual property assets, (ii) setting the date for the auction and sale hearing; (ii) approving and authorizing the sale of IP Assets to the highest and best bidder free and clear of all liens, interests, claims and encumbrances, the assumption and assignment of certain related executory contracts, and waiving the requirements of Bankruptcy Rules 6004(h) and 6006(d); and (iii) authorizing Debtors to employ and retain Lincoln International LLC to serve as financial advisor for Debtors, *nunc pro tunc* to the Petition Date.

The Court, having considered the *Ex Parte Application for Order Shortening Time to Hear Motions,* and good cause appearing therefore,

**IT IS HEREBY ORDERED** and notice is hereby given that the Motions shall be heard by a United States Bankruptcy Judge on the _____ day of _____, 2018, at _____, **PROVIDED HOWEVER, THAT WITH RESPECT TO THE SALE PROCESS MOTION, THE COURT WILL ONLY CONSIDER THE PROVIDED PROCESS, PROCEDURES AND FORMS TO BE USED IN CONNECTION WITH THE SALE OF THE IP ASSETS SUBJECT TO THAT MOTION AND WAIVE THE 14 DAY STAY WITH RESPECT THERETO. THE AUCTION AND HEARING TO APPROVE THE SALE, AS**

1  **WELL AS OBJECTIONS THERETO, WILL OCCUR OR BE DUE AFTER THE ABOVE-REFERENCED HEARING.**

A copy of the above-referenced Motions and any supporting declarations and exhibits are available free of charge at www.donlinrecano.com/gumps, on file with the clerk of the United States Bankruptcy Court for the District of Nevada, Foley Federal Building and U.S. Courthouse, 300 S. Las Vegas Blvd, Las Vegas, NV 89101, or may be obtained by emailing Mark M. Weisenmiller, Esq. at the address listed above.

**IT IS HEREBY FURTHER ORDERED** that service of this Order Shortening Time shall be served within ___ days of entry; that any oppositions to the Motions must be _____ _____ _____; that replies to any oppositions filed must be filed and served by _____ _____; and that this hearing may be continued from time to time without further notice except for the announcement of any adjourned dates and times at the above noticed hearing or any adjournment thereof.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: */s/ William M. Noall*
　　　WILLIAM M. NOALL
　　　GABRIELLE A. HAMM
　　　MARK M. WEISENMILLER
　　　*Attorneys for Debtor*