NVB 4001 (Rev. 12/15)

# * * § 362 INFORMATION SHEET * *

DEBTOR _____  BK- _____  MOTION #: _____
MOVANT _____  CHAPTER: _____

***Certification of Attempt to Resolve the Matter Without Court Action:***
Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.
Date: _____  Signature: _____
                                              *Attorney for Movant*

PROPERTY INVOLVED IN THIS MOTION: _____
NOTICE SERVED ON: Debtor(s) _____; Debtor's counsel _____; Trustee _____;
DATE OF SERVICE: _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st | 1st |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S): | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT . |
|---|---|
| Amount of Note: | . |
| Interest Rate: | . |
| Duration: | . |
| Payment per Month: | . |
| Date of Default: | . |
| Amount in Arrears: | . |
| Date of Notice of Default: | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: | SUBMITTED BY: |
|  | SIGNATURE: |

**COHEN JOHNSON PARKER EDWARDS**
H. STAN JOHNSON, ESQ.
Nevada Bar No.: 00265
sjohnson@cohenjohnson.com
RYAN D. JOHNSON, ESQ.
Nevada Bar No.: 14724
375 E. Warm Springs Rd. Ste 104
Las Vegas, NV 89119
*Telephone: (702) 823-3500*
*Facsimile: (702) 823-3400*

*Attorneys for Expeditors International of Washington, Inc.*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>GUMP's HOLDINGS, LLC et al.<br><br>Debtors<br><br>☐ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects Gump's Corp.<br>☑ Affects Gump's By Mail, Inc. | Case No.: BK-S-18-14683-LEB<br>Chapter 11<br><br>Jointly Administered with:<br><br>No.: BK-S-14684 (In re Gum's Corp.)<br>No.: BK-S-14685 (In re Gump's By Mail, Inc.)<br><br>Hearing Date: OST Pending<br>Hearing Time: OST Pending |

**MOTION BY EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.**
**FOR ADEQUATE PROTECTION AND FOR RELIEF FROM THE AUTOMATIC STAY**

COMES NOW, Creditor Expeditors International of Washington, Inc., by and through their counsel of record, Cohen Johnson Parker Edwards, and hereby submits this Motion by Expeditors International of Washington, Inc. for Adequate Protection and For Relief from the Automatic Stay.

This Expeditors Motion is based upon the following Memorandum of Points and

Authorities, the Declaration of H. Stan Johnson, the Declaration of Matt Littleton, the pleadings and papers on file, and any oral argument at the time of a hearing on this Expeditors Motion.

Dated this 6th day of September 2018.

**COHEN JOHNSON PARKER EDWARDS**
*By: /s/ H. Stan Johnson*
H. STAN JOHNSON, ESQ.
Nevada Bar No. 00265
RYAN D. JOHNSON, ESQ.
Nevada Bar No. 14724
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Expeditors International of Washington, Inc., for itself and its subsidiaries and affiliates (collectively, "Expeditors"), is a secured creditor of debtor-in-possession Gump's by Mail, Inc. (the "Debtor"). Expeditors holds possessory liens on goods (the "Petition Date Cargo") having a commercial invoice value of approximately $174,000. See, Exhibit A.

As a secured creditor, Expeditors is entitled to maintain perfection of its liens through possession under Bankruptcy Code § 546(b). Such perfection is expressly excluded from the automatic stay under Bankruptcy Code § 362(b)(3). Expeditors is entitled to retain possession, custody and control of the Petition Date Cargo until it receives full satisfaction of, or other adequate protection for, its pre-petition secured claims of approximately $80,000.

The Petition Date Cargo accrues storage, demurrage, detention, and other charges, and the value of the collateral may be decreasing. Further, consignors of the Petition Date Cargo have demanded that Expeditors stop the goods in transit and reconsign them.

Therefore, Expeditors seeks Court-approved adequate protection and relief from the

automatic stay.

## Jurisdiction and Venue

1. This Court has jurisdiction over this Expeditors Motion under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2), and venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Statement of Facts[1]

2. Expeditors is a non-vessel owned common carrier ("NVOCC"), freight forwarder, customs broker, and provider of distribution and other logistics services.

3. On August 3, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

4. Before the Petition Date, Expeditors provided transportation and other logistics services to the Debtor. In the course of performing services, Expeditors acquired possession, custody and control of goods belonging to the Debtor or in which the Debtor claims an interest and various commercial documents, including documents of title.

5. Expeditors' services are governed by the following pre-petition agreements (collectively, the "Contracts"):

    (a) Gump's by Mail, Inc.'s Application for Credit (true copy of which is attached hereto as Exhibit B).

    (b) Bills of lading issued by Expeditors (a true copy of the bill of lading terms and conditions is attached hereto as Exhibit C).

6. The Application for Credit provides as follows:

> As security for any existing and future indebtedness and obligations of the Customer [Debtor] to the Company [Expeditors], including claims for charges, expenses or advances incurred by the Company

---

[1] The Declaration of H. Stan Johnson, Esq. is attached hereto as Exhibit E in support of this motion and the Declaration of Matt Littleton is attached hereto as Exhibit D in support of this motion.

> in connection with any shipment or transaction of the Customer, and whether or not presently contemplated by the Customer and the Company, the Customer hereby grants to the Company a continuing lien and security interest in any and all property of the Customer (including goods and documents relating thereto) now or hereafter in the Company's possession, custody or control or en route (the "Collateral"). This lien and security interest shall be in addition to any other rights the Company has or may acquire under any other agreements and/or applicable law and shall survive delivery or release of any Collateral.

7. Paragraph 16(a) of Expeditors' bill of lading terms and conditions also provides for a carrier's lien that attaches to all goods for all charges, including for prior shipments.

8. By virtue of the Contracts and applicable law, Expeditors holds maritime and other carrier's liens on the Petition Date Cargo and other property of the Debtor's estate, as well as a consensual security interest in such property.

9. As of the Petition Date, the Debtor owed Expeditors the aggregate amount of approximately $80,000 (the "Claim") for freight charges, storage, customs duties, demurrage, detention and other charges related to the transportation and storage of goods.

10. As of the Petition Date, Expeditors had possession, custody or control of the Petition Date Cargo. Expeditors retains possession, custody or control of the Petition Date Cargo.

11. The commercial invoice value of the Petition Date Cargo is approximately $174,000.

12. The value of the Petition Date Cargo may be declining.

13. Expeditors' Claim continues to accrue on the Petition Date Cargo for demurrage, detention, storage, and other delay-related costs.

14. Before the Petition Date, the Debtor defaulted on its obligations to Expeditors. Pursuant to non-bankruptcy law and the Contracts, Expeditors justifiably retained possession, custody and control of the Petition Date Cargo and related documents, pending its receipt of payment or other adequate protection for its liens and security interests.

15. Promptly on learning of the commencement of this case, Expeditors contacted the Debtor's counsel to inform the Debtor of Expeditors' liens and security interest. Expeditors further tendered the Petition Date Cargo in exchange for payment or other adequate protection for Expeditors' interest in the Petition Date Cargo. Expeditors proceeded in this manner pursuant to *World Imports, Ltd. v. OEC Group New York (In re World Imports, Ltd.)*, 820 F.3d 576 (3d Cir. 2016), *cert. denied*, 137 S. Ct. 340 (2016), and *Expeditors Int'l of Washington, Inc. v. Colortran, Inc. (In re Colortran, Inc.)*, 218 B.R. 507 (Bankr. 9th Cir. 1997), *aff'd* 165 F.3d 35, 1998 WL 792307 (9th Cir. 1998).

16. Despite these efforts, the Debtor has not made timely payment on mutually-acceptable terms or otherwise provided adequate protection for Expeditors' interests in the Petition Date Cargo. As a result, Expeditors filed this Expeditors Motion.

## Argument

### I. EXPEDITORS HOLDS VALID, PERFECTED, AND ENFORCEABLE LIENS AND SECURITY INTERESTS IN THE PETITION DATE CARGO.

#### A. EXPEDITORS HOLDS MARITIME CARRIER'S LIENS.

17. An ocean carrier holds a maritime lien on all goods in its possession, custody, or control. See *4,885 Bags of Linseed*, 66 U.S. 108 (1861); *Gracie v. Palmer*, 21 U.S. 605 (1823); and *Arochem Corp. v. Wilomi, Inc.*, 962 F.2d 496, 499-500 (5th Cir. 1992).

18. An NVOCC such as Expeditors also holds a maritime carrier's lien on the goods in its possession, custody or control. *World Imports, Ltd., supra*; and *Logistics Management, Inc. v. One Pyramid Tent Arena*, 86 F.3d 908, 913-914 (9th Cir. 1996).

19. When Expeditors took possession of goods at point of origin, Expeditors issued documents of title evidencing its receipt of the goods for shipment purposes and its contract of carriage. Therefore, Expeditors acquired a valid and enforceable maritime lien on the goods.

20. Further, under the Contracts, Expeditors' maritime liens survived delivery of prior

shipments and extended to the Petition Date Cargo. See, e.g., *World Imports, Ltd., supra* (enforcing language substantially identical to the Application for Credit in the case at bar); *Arochem Corp., supra*; and *Capitol Transportation, Inc. v. United States*, 612 F.2d 1312, 1324-25 (1st Cir. 1979).

### B.   EXPEDITORS HOLDS UCC CARRIER'S LIENS.

21. "A carrier has a lien on the goods covered by a bill of lading or on the proceeds thereof in its possession for charges after the date of the carrier's receipt of the goods for storage or transportation, including demurrage and terminal charges, and for expenses necessary for preservation of the goods incident to their transportation or reasonably incurred in their sale pursuant to law." UCC § 7-307(a) (2003).[2]

22. Therefore, Expeditors holds a carrier's lien under the Uniform Commercial Code.

### C.   EXPEDITORS HOLDS A UCC ARTICLE 9 SECURITY INTEREST.

23. A security interest attaches to collateral, if the debtor gives the secured creditor a security agreement, the secured creditor gives value, and the debtor has rights in the collateral or the power to transfer rights to the secured party. UCC § 9-203(b) (2010).

24. As set forth above, in the Contracts the Debtor granted to Expeditors a security interest in all goods and other property at any time in Expeditors' possession, custody or control or en route.

25. This constitutes a valid security agreement. *Paul Harris Stores, Inc. v. Expeditors Int'l of Washington, Inc.*, 342 B.R. 290 (Bankr. S.D. Ind. 2006) (interpreting substantially identical language). *See, also*, *Colortran, Inc., supra* (interpreting a similar lien clause in

---

[2] The applicable Uniform Commercial Code provisions are identical in substance to the Uniform Commercial Code's. For simplicity, Expeditors cites to the Official Text.

Expeditors' Terms and Conditions of Service); *Expeditors Int'l v. Wang Laboratories, Inc.*, 1995 WL 791935 (D. Mass. 1995) (same).

## II. EXPEDITORS' LIENS AND SECURITY INTEREST ARE PERFECTED.

26. Expeditors perfected its liens and security interest by possession, custody and control of the Petition Date Cargo, and Expeditors remains in possession, custody and control of the Petition Date Cargo and related documents. *See, e.g.*, UCC §§ 7-307 (2003) and 9-313 (2010).

## III. EXPEDITORS' LIENS AND SECURITY INTEREST ARE FIRST-PRIORITY INTERESTS.

### A. EXPEDITORS' CARRIER'S LIENS ARE SENIOR TO ANY SECURITY INTEREST.

27. Every possessory lien for services that arises under non-UCC law has priority over a competing security interest unless the lien arises by statute and specifies that the competing security interest has priority. UCC § 9-333 (2010).

28. As shown above, Expeditors holds valid and perfected carrier's liens on the Petition Date Cargo. These liens constitute "possessory liens" under UCC § 9-333.

29. These carrier's liens have priority over competing security interests. First, Expeditors' maritime lien arises under federal common law, so it is also senior to the claims of other secured parties. *4,885 Bags of Linseed, supra*; *Gracie v. Palmer*, *supra*. Second, Expeditors' UCC Article 7 lien is effective against, and therefore senior to, other secured parties. UCC §§ 7-307(b) (2003) and 9-333 (2010).

### B. EXPEDITORS' SECURITY INTEREST HAS PURCHASE-MONEY PRIORITY.

30. A security interest is a purchase-money security interest to the extent that the collateral secures a purchase-money obligation. UCC § 9-103(b)(1) (2010). Further, a purchase-money security interest is automatically cross-collateralized. UCC § 9-103(b)(2) (2010).

31. A purchase-money obligation is "an obligation of an obligor incurred as all or part of the price of the collateral or for value given to enable the debtor to acquire rights in or the use of the collateral if the value is in fact so used." UCC § 9-103(a)(2) (2010). The price or value includes:

> obligations for expenses incurred in connection with acquiring rights in the collateral, sales taxes, duties, finance charges, interest, *freight charges, costs of storage in transit, demurrage,* administrative charges, expenses of collection and enforcement, attorney's fees, and other similar obligations.

UCC § 9-103 cmt. 3 (emphasis added).

32. A purchase-money security interest is entitled to priority over other security interests, even if the other security interests were perfected earlier in time. UCC § 9-324(b) (2010).

33. Expeditors took possession at origin and transported same for the Debtor at destination. Without the services provided by Expeditors, the goods could not be available to the Debtor for sale. Therefore, Expeditors holds a purchase-money security interest in the goods.

34. Because purchase-money security interests are cross-collateralized, Expeditors' purchase-money priority status in the Petition Date Cargo extends to all of Expeditors' Claims.

35. Therefore, Expeditors' purchase-money security interest in the Petition Date Cargo has first priority over competing security interests.

### IV. EXPEDITORS IS ENTITLED TO ADEQUATE PROTECTION FOR ITS INTERESTS IN THE PETITION DATE CARGO.

36. A secured creditor has the right to adequate protection of its interests in collateral before a debtor may use, sell or lease such property. 11 U.S.C. § 363(c)(2) (as to cash collateral) and § 363(e) (as to all other property).

37. Further, notwithstanding the automatic stay, the holder of a possessory lien may retain possession of the collateral pending receipt of adequate protection for lien. 11 U.S.C. §§

362(b)(3) and 546(b)(1)(B).

38. Expeditors' release of the Petition Date Cargo and documents of title in its possession, custody or control without receiving adequate protection of its liens and security interests endangers Expeditors' liens and security interests.

39. Therefore, Expeditors is entitled to retain possession, custody and control of the Petition Date Cargo until it receives adequate protection for its interests in the Petition Date Cargo.

## V. WITHOUT PAYMENT OR OTHER ADEQUATE PROTECTION, EXPEDITORS IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY.

40. In the absence of payment or other adequate protection, a secured creditor is entitled to relief from the automatic stay. 11 U.S.C. § 362(d)(1).

41. A secured creditor is also entitled to relief from the automatic stay if the debtor has no equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

42. In the case at bar, on information and belief, to the extent that any secured party's security interest is valid, the Debtor lacks equity in the Petition Date Cargo, because the combined amount of Expeditors' Claims and the amounts due other secured creditors exceed the value of the Petition Date Cargo.

43. On information and belief, the Petition Date Cargo is not necessary to an effective reorganization of the Debtor. 11 U.S.C. § 362(d)(2).

44. Further, on information and belief, the value of Expeditors' interests in the Petition Date Cargo are declining, because secured charges continue to accrue on the Petition Date Cargo for demurrage, detention, storage, and other delay-related costs. Therefore, it is essential that the automatic stay be terminated quickly to mitigate potential loss and expense to Expeditors.

### VI. EXPEDITORS IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY TO ADDRESS SHIPPERS' STOPPAGE AND RECONSIGNMENT CLAIMS.

45. Multiple shippers (consignors) of Petition Date Cargo have demanded that Expeditors stop the shippers' goods in transit and reconsign their goods. This right to stop and reconsign goods in transit is senior to the rights of the Debtor's secured creditors. See, e.g., *In re Kellstrom Indus. Inc.*, 282 B.R. 787 (Bankr. D. Del. 2002); see also *Ramco Steel, Inc. v. Kesler (In re Murdock Mach. & Eng'g Co.)*, 620 F.2d 767 (10th Cir. 1980).

46. The shippers allege that the automatic stay does not stop them from exercising their right to stop and reconsign goods in transit. *In re National Sugar Refining Co.*, 27 B.R. 565 (S.D. N.Y. 1983). However, Expeditors is uncertain whether the automatic stay applies to these demands and, therefore, whether Expeditors may honor them without approval by this Court.

47. Expeditors has made no prior request to this Court for the relief sought in this Expeditors Motion.

WHEREFORE, Expeditors prays that this Court:

(a) Authorize Expeditors to continue possession of the Petition Date Cargo to allow Expeditors to maintain perfection of its possessory liens on the Petition Date Cargo.

(b) Order the Debtor to give Expeditors adequate protection for its interests in the Petition Date Cargo through payment of Expeditors' Claims or such other terms and conditions that give Expeditors the indubitable equivalent of its liens and security interests in the Petition Date Cargo (including the preservation of its liens and security interests and the proceeds thereof); or, in the alternative, modify the stay, to permit Expeditors to foreclose its said liens and security interests in the Petition Date Cargo.

(c) Modify the automatic stay to permit Expeditors to honor stoppage and reconsignment

1  claims by shippers.

2  (d) Waive the 14-day stay provided for in Fed. R. Bankr. P. 4001(a)(3).

3  (e) Award Expeditors such other and further relief as this Court deems appropriate.

Respectfully Submitted,

Dated this 6th day of September 2018.    COHEN JOHNSON PARKER EDWARDS

*/s/ H. Stan Johnson*_____
H. STAN JOHNSON, ESQ.
Nevada Bar No. 00265
RYAN D. JOHNSON, ESQ.
Nevada Bar No. 14724
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
*Attorneys for Expeditors International of Washington, Inc.*

Page 11 of 11